<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**No. 04-4197**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAMIEN DASHUNE DARDEN,

Defendant - Appellant.

**No. 04-4198**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICIA DARDEN,

Defendant - Appellant.

**No. 04-4199**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TINA DARDEN,

                                    Defendant - Appellant.

―――――――――――――

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (CR-03-291)

―――――――――――――

Submitted:  August 26, 2005        Decided:  September 20, 2005

―――――――――――――

Before WILKINSON, LUTTIG, and KING, Circuit Judges.

―――――――――――――

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

―――――――――――――

William J. Dinkin, DINKIN, PURNELL & JOHNSON, P.L.L.C., Richmond, Virginia; Jennifer M. Newman, Richmond, Virginia; Keith B. Marcus, BREMNER, JANUS & COOK, Richmond, Virginia, for Appellants.  Paul J. McNulty, United States Attorney, Michael J. Elston, Olivia N. Hawkins, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

―――――――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Damien Dashune Darden, Patricia Darden, and Tina Darden appeal their sentences imposed following a jury trial. Damien appeals his life sentence plus sixty months for conspiracy to distribute fifty or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 (2000), distribution of fifty grams or more cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and conspiracy to possess and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c), 924(o). Patricia appeals her 322-month prison sentence for conspiracy to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and maintaining a "crack house" in violation of 21 U.S.C. § 856. Tina appeals her 300-month prison sentence for conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846, distribution of a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Patricia and Tina also challenge their drug conspiracy and firearms convictions, arguing the evidence at trial was insufficient to support the jury's verdicts.

The Dardens argue their sentences violated the Sixth Amendment under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), because they were enhanced based on judicial findings of drug quantity and, in Damien's case, of a leadership role in criminal activity involving five or more people or that was extensive. After the Dardens filed their opening briefs, <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), issued, and <u>Booker</u> applies to these appeals. <u>Booker</u>, 125 S. Ct. at 769 (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)) (<u>Booker</u> applies to all cases pending on direct review at the time it was decided). Because the issues under <u>Blakely</u> and <u>Booker</u> are raised or considered for the first time on appeal, review is for plain error. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005). To establish error, the Dardens must show that the court imposed a guideline sentence greater than the maximum sentence authorized by the facts found by the jury or admitted. <u>Booker</u>, 125 S. Ct. at 746, 756; <u>Hughes</u>, 401 F.3d at 546-47. We find the district court committed plain error under <u>Booker</u> and the Sixth Amendment in sentencing these appellants, and we vacate their sentences and remand for resentencing in light of <u>Booker</u>.[1] Additionally, we affirm Patricia's and Tina's convictions.

_____

[1]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "we of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of the Dardens' sentencing.

Over each appellant's objections, the district court set the base offense level for each appellant at thirty-eight based on 1.5 kilograms of cocaine base attributed to the Darden drug conspiracy,[2] U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2003). The district court added a four-level enhancement to Damien's offense level for his leadership role in the conspiracy, USSG § 3B1.1(a). The total offense level for Damien was forty-two, and with a criminal history category of IV, his sentencing range was 360 months to life in prison. The district court imposed a sentence of life imprisonment on two counts, 240 months in prison on another count, to run concurrently, and sixty months on the firearms count to run consecutively as required by statute. However, based solely on the jury's verdict, Damien's base offense level would have been thirty-two, see USSG § 2D.1(c)(4) (level for over fifty grams of cocaine base). With a criminal history category of IV, Damien's sentencing range absent judicial enhancements would have been 168 to 210 months, plus the sixty months statutory mandatory minimum consecutive sentence on the firearms charge. Because Damien's sentence of life imprisonment plus sixty months is higher than the sentencing range based solely on the jury's verdict, we find plain error under the Sixth

---

[2]Grouping rules under USSG §§ 3D1.1-3D1.2 were applied to yield the base offense level of 38 based on the conspiracy count. The firearms count against each defendant was not grouped because it required a mandatory minimum consecutive prison sentence of sixty months.

Amendment and we vacate Damien's sentence and remand for resentencing.

The district court calculated Patricia's base offense level as thirty-eight as noted above. With a criminal history category of II, the sentencing range was 262 to 327 months in prison, plus sixty consecutive months in prison for the firearms charge. The district court sentenced Patricia to 262 months in prison for the conspiracy count and 240 months on the crack house count, to be served concurrently, and sixty months in prison on the firearms count, to be served consecutively as required by law. Patricia's total sentence is 322 months in prison. However, based solely on the jury's verdict of conspiracy to distribute more than five (but less than fifty) grams of crack cocaine, Patricia's base offense level would be twenty-six. USSG § 2D1.1(c)(7). With a criminal history category of II, her maximum sentence authorized by the verdict would be seventy to eighty-seven months, plus the sixty month statutory minimum consecutive sentence for the firearms charge, for a total maximum sentence of 147 months. Because Patricia's sentence of 322 months in prison exceeds the maximum sentence authorized by the jury, we find plain error under the Sixth Amendment and we vacate Patricia's sentence and remand for resentencing. However, we find the evidence at trial was sufficient to support the jury verdict against Patricia on the

conspiracy and firearms counts, and we affirm Patricia's convictions.

The district court also calculated Tina's base offense level as thirty-eight as noted above. With a criminal history category of I, the sentencing range was 235 to 293 months in prison, plus sixty consecutive months in prison for the firearms charge. The district court sentenced Tina to 240 months in prison on the drug conspiracy count and 235 months in prison on the crack distribution count, to run concurrently, and sixty months in prison on the firearms count, to run consecutively as required by statute. Tina's total sentence is 300 months. Based solely on the jury's verdict, Tina's base offense level would have been thirty-two. USSG § 2D.1(c)(4). With a criminal history category of I, Tina's sentencing range would be 121 to 151 months in prison. Adding the mandatory minimum consecutive sentence of sixty months on the firearms count, the maximum sentence for Tina authorized by the jury verdict would be 211 months in prison. Because Tina's sentence of 300 months in prison exceeds 211 months, we find plain error under the Sixth Amendment and we vacate Tina's sentence and remand for resentencing. However, we find the evidence at trial was sufficient to support Tina's jury convictions on the conspiracy and firearms counts, and we affirm Tina's convictions.

Accordingly, we affirm the convictions of Patricia and Tina. We vacate Damien's, Patricia's and Tina's sentences and

remand for resentencing in light of <u>Booker</u>.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>

---

[3]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u>  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u>  The sentence must be "within the statutorily prescribed range . . . and reasonable." <u>Id.</u> at 546-47.